IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 09-741-GMS |
| | ) |
| PERRY PHELPS, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM

## I. INTRODUCTION

In March 2010, the court denied Biggins' third petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as second or successive. (D.I. 3.) Presently pending before the court is Biggins' motion for reconsideration asking the court to review the merits of his petition. (D.I. 4.)

## II. DISCUSSION

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239,

1240 (D. Del. 1990).

In his motion for reconsideration, Biggins reasserts the arguments he raised in his third habeas petition. However, as explained in the order dated March 2010, the court denied that petition for lack of jurisdiction because it constituted a second or successive habeas request. Accordingly, the court concludes that the allegations in the instant motion fail to warrant reconsideration of the court's decision.

## III. CONCLUSION

For the aforementioned reasons, the court will dismiss Biggins' pending motion for reconsideration. In addition, the court will not issue a certificate of appealability, because Biggins has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2008). A separate Order will be entered.

_____   _____
DATE                        CHIEF, UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 09-741-GMS |
| | ) |
| PERRY PHELPS, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

At Wilmington this 22nd day of September, 2010;

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY ORDERED** that:

1. Petitioner James Arthur Biggins' motion for reconsideration is **DENIED**. (D.I.4.)

2. The court declines to issue a certificate of appealability.

_____
CHIEF, UNITED STATES DISTRICT JUDGE